IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| Jed JohnHope.,<br><br>Plaintiff,<br><br>v.<br><br>Caroline Fawkes, in her individual capacity and her Official Capacity as the Supervisor of Elections, and Raymond Williams in his individual capacity and as the Chairperson of the Board of Elections,<br><br>Defendants. | Civil No. 2026/16<br><br>Election Integrity<br><br>Violation of Equal Protection<br><br>Violation of Due Process<br><br>Action for Temporary Restraining order, Preliminary Injunction, Permanent Injunction, and Declaratory Relief |

**PLAINTIFF JED JOHNHOPE'S**

**VERIFIED AMENDED COMPLAINT**

COMES NOW, Plaintiff JED JOHNHOPE, who files this Verified Complaint against Defendants and alleges the following in support:

**Jurisdiction and Venue.**

1. Venue is proper in the United States District Court in the Division of St. Croix, because all material acts alleged in this cause of action occurred in U.S. Virgin Islands and the cause of action accrued in St. Croix, U.S. Virgin Islands.

2. This action is brought under 42 U.S.C. §1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

3. This Court has original jurisdiction under 28 U.S.C. §1331, to decide cases presenting a question arising under the Constitution of the United States; to award damages as provided under 28 U.S.C. §1343; and to address the deprivation, under color of law, of any right, privilege or immunity secured by the United States Constitution.
4. All conditions precedent to filing this action have occurred, accrued, or have been waived as a matter of law.

**The Parties:**

5. The Plaintiff Jed JohnHope is a citizen of the United States and a bona fide resident of St. Croix, U.S. Virgin Islands.
6. The Virgin Islands Board of Elections (BOE) is the policy-making body of the Virgin Islands Elections System and may issue and promulgate rules and regulations for the administration and enforcement of election laws. Defendant Raymond Williams serves as the Chairperson of the Board of Elections.

7. Defendant Caroline Fawkes serves as the Supervisor of Elections pursuant to Title 18, V.I.C. § 4. She is sued in her official capacity and individual capacity based on her intentional disregard of a federal statute and violation of Plaintiff's constitutional rights.

8. Defendant Raymond Williams is the Chair of the VI Board of Elections (BOE). He is sued in his official capacity and individual capacity based on his intentional disregard of a federal statute and violation of Plaintiff's constitutional rights. Fawkes is "subject to the direction, control and supervision" of the BOE.

9. The BOE's Mission Statement is:

> To provide American citizens in the Virgin Islands with the mechanism to exercise their right to vote according to the United States Constitution.

**Factual Averments**

10. Plaintiff Jed JohnHope intended to run as a Gubernatorial Candidate and collected signatures for that race. His running mate reconsidered the morning of the deadline to submit nomination papers; thus, JohnHope changed course and chose to run as the US Virgin Islands of Representatives. JohnHope meets the federal and territorial qualifications. 48 U.S.C. S 1713 and 18 V.I.C. S 21.

11. JohnHope is not a Democrat, Republican, or affiliated with any party. He is an independent candidate.

12. On the morning of the deadline, May 19, 2026, to submit the Nomination Petition, his running mate had second thoughts. Jed JohnHope traveled to the St. Croix Board of Elections Office. In short order, his supporters persuaded him to run as a Delegate to the US House of Representatives. JohnHope is not a member of any political party. Jed JohnHope is a prospective independent candidate.

13. A party candidate is not required to submit signatures with their Petition; however, JohnHope, an independent candidate, must submit 100 names on a Petition from each district.[1]

14. Tricia Johnson, BOE Filing Clerk, and Terrell Alexandre, BOE Supervisor of the St. Croix District, told Jed JohnHope that he could not use the signatures collected for another office, which he knew. Johnson and Alexandre informed him that 18 V.I.C. § 411(c) allowed him three days to collect the remaining signatures for that office after the BOE issued a Notice of Defect. [2]

---

1 18 V.I.C. 381(b) provides: Where the nomination is for an office to be filled by the vote of the electors of the territory at large, the nomination paper shall be signed by at least 100 qualified electors of each of at least two election districts. Where the nomination is for an office to be filled by the vote of the electors of a particular election district only, the nomination paper shall be signed by at least 100 qualified electors of such district.

2 Section 411(c) provides: When a nomination petition, nomination paper or nomination certificate is found to be defective the candidate shall be notified immediately by special messenger with the reason or reasons therefor. If a new, valid petition, paper or certificate is not filed within three days thereafter the candidate shall be disqualified for nomination or election.

15. Without following procedural due process with respect to JohnHope pursuant to 18 V.I.C. 411(c), on May 26, 2026, Caroline Fawkes, the Supervisor of Elections, issued a press release stating JohnHope was disqualified and his name would not be on the ballot.

16. On May 27, 2026, Fawkes provided Jed JohnHope with correspondence by email that he was disqualified. See, **Exhibit 1.**

17. On May 29, 2026, JohnHope submitted the remaining signatures to Tricia Johnson at the St. Croix Board of Elections Office within a three-day cure period, although he had yet to receive statutory notice pursuant to 18 V.I.C. § 411(c). Johnson told him that she was directed by Alexandre to reject the signatures.

18. On Facebook, via WTJX and the VI Consortium, the BOE announced that it had affirmed Fawkes' decision to disqualify JohnHope; he has asked the BOE for its written ruling several times to no avail. Finally, on June 18, 2026, JohnHope received correspondence from Williams upholding Fawkes' decision.

19. Fawkes and Raymond Williams did not, and have yet to follow statutory procedural due process as set forth by Title 18, Section 411(c).

20. On June 17, 2026, the BOE published the list of "certified" candidates; Jed JohnHope's name was not on the list.

**Disparate Treatment**

21. Brett McClafferty planned to run for VI Senate; however, the VI Attorney General issued an opinion due to McClafferty's criminal history he was ineligible. Thus, McClafferty decided to run for Delegate to the US House of Representatives. McLafferty submitted his Nomination Petition and was also short of signatures.

22. On May 30, 2026, Fawkes issued a statutory Notice of Defect to McClafferty and provided him with the statutory three-day notice to cure his signature shortfall. *See*, **Exhibit 2**.

23. The BOE also issued at least three additional statutory notices of defect with the three-day opportunity to cure to other "aspirants," including Troy Williams, James Weber, and Jaylen Gabriel.

**Political Motives to Keep JohnHope off the ballot.**

24. JohnHope is an alumnus of the Good Hope School, the University of Delaware's top-ranked Chemical Engineering program, London Business School, and the Kellogg School of Management at Northwestern University, consistently ranked among the world's top business schools. JohnHope has more than twenty-five years of experience across the Power, Manufacturing, Financial Services, and Oil & Gas sectors.

25. JohnHope, a native Crucian, served as the Vice Chair of the Virgin Islands Water & Power Authority. On March 9, 2021, in written correspondence to then-Board Chair Anthony Thomas, JohnHope vociferously objected to ongoing corruption involving inflated contracts, bribes solicited and obtained from contractors by WAPA executives, sham leases, and WAPA's complete lack of transparency. *See*, **Exhibit 3** (media article).

26. Subsequent to what can be described as a "noisy" withdrawal, JohnHope withdrew from the Board due to the WAPA's culture of corruption and lack of transparency.

27. JohnHope has and continues to be a vocal critic of the rampant corruption in the Virgin Islands Government and an advocate of true reform.

28. JohnHope received a threat from a very high-ranking executive in the current administration who warned him not to pursue a political office and threatened to bully him if he chose to do so.

**Separate Ballots are Required**

29. Caroline Fawkes also issued a public statement that the BOE would not be issuing separate ballots for the Delegate of the Virgin Islands

to the United States House of Representatives in violation of federal and territorial law. 48 U.S.C. 1712(a)[3] and 18 V.I.C. § 21(b).

**COUNT I**

**(Constitutional Violations)**

30. Plaintiff realleges all the preceding paragraphs as if the same are fully set forth herein.

31. It is undisputed that Plaintiff is qualified to run for the V.I. Delegate to the U.S. House of Representatives pursuant to 48 U.S.C. 1713.

32. On May 19, 2026, Plaintiff submitted his nomination papers to the Board of Elections, St. Croix District Office, and was short of signatures.

33. Tricia Johnson and Terrell Alexandre told Plaintiff the Supervisor would issue a notice of defect, and after receipt, he would have three days to submit the remaining signatures.

34. The Supervisor of Elections, Caroline Fawkes, did not issue a statutory notice of defect with three days to cure pursuant to Title 18, Section 411(c). Fawkes ignored the statute and issued a press release that Plaintiff was disqualified.

35. Fawkes arbitrarily deprived Plaintiff of the statutory rights afforded other aspirants.

---

3 Section 1712(a) provides in pertinent part: The Delegate shall be elected by the people qualified to vote for the members of the legislature of the territory he is to represent at the general election of 1972, and thereafter at such general election every second year thereafter. The Delegate from the Virgin Islands shall be elected at large, ***by separate ballot*** and by a majority of the votes cast for the office of Delegate. (emphasis added).

36. The BOE issued at least four statutory notices of defect with the three-day opportunity to cure to other "aspirants."

37. Plaintiff appealed Fawkes' decision to the BOE, who upheld Fawke's disqualification of JohnHope.

38. On June 17, 2026 issued the list of certified candidates omitting Plaintiff.

39. Arbitrary exclusion from ballots can occur when election officials implement unfair practices that prevent certain groups of eligible voters from participating in elections. In the instant case, Defendants' intent is to exclude JohnHope because he is not a member of the Democratic party running on a Democratic ticket and is not regarded as a "good old boy" due to his public stance on the culture of corruption in the United States Virgin Islands. Jed is a watch dog, not a lap dog.

40. Plaintiff's legal rights are indisputably clear. The U.S. Constitution and U.S. Supreme Court precedent prohibit rules, policies, and/or regulations that impermissibly restrict independent candidates from qualifying for the ballot, including arbitrarily depriving one aspirant of a notice of defect with the three-day opportunity to cure and providing it to others."[4]

---

4 *State Bd. of Elections v. Socialist Workers Party*, 440 U.S. 173, 175 (1979).

41. Section 1983 prohibits any state or territory official from violating the constitutional rights of any person, including the right to vote, the right to equal protection, and the right to due process.

42. Pursuant to 18 U.S.C. § 595, it is unlawful for person employed in any administrative position employed by the territory who uses their official authority for the purpose of interfering with, or affecting, the nomination or the election of any candidate to the office of the VI Delegate to the US House of Representatives.

43. Defendants have violated a local statute requiring statutory notice of defect pursuant to 18 V.I.C. 411(c) and Plaintiff's constitutional right to procedural due process and equal protection.

WHEREFORE, Plaintiff prays this Honorable Court,

(a) Issue a Declaratory Judgment that the Defendants were and are required to issue Plaintiff a Notice of Defect with a 3-day cure period and provide statutory notice pursuant to Title 18, Section 411(c).

(b) Issue a Declaratory Judgment that the Defendants are required to print separate ballots for territorial candidates and federal candidates according to federal and territorial law.

(c) For prospective injunctive relief to enjoin the Defendants Caroline Fawkes and Raymond Williams from continuing to interfere with

Plaintiff's Constitutional right to procedural due process and equal protection.

(d) Preliminary and permanently enjoin the Defendants Caroline Fawkes, in her official capacity as the Supervisor of Elections, and Defendant Raymond Williams, as the Chair of the Board of Elections, from interfering with the nomination and the election of any aspirant or candidate, including Jed JohnHope, to the office of the VI Delegate to the US House of Representatives.

(e) Plaintiff seeks statutory damages from Fawkes and Williams for knowingly and intentionally violating Plaintiff's constructional rights and Title 18 V.I.C. 411(c) that provides him with procedural due process.

(f) Fawkes and William are also subject to punitive damages under Section 1983. If this Court deems it appropriate, JohnHope seeks punitive damages to deter future violation of all aspirants' Constitutional rights.

## COUNT II
## (Intentional Violation of Federal Statute)

44. Plaintiff realleges all the preceding paragraphs as if the same are fully set forth herein.

45. A federal statute requires a separate ballot to vote for the VI Delegate to the US House of Representatives. 48 U.S.C. 1712(a); *See*, 18 V.I.C. § 21(b).

46. Defendants have willfully and intentionally declared their intent to violate the federal mandate that a separate ballot is required for the candidates running for the VI Delegate to the US House of Representatives.

47. On June 5, 2026, Caroline Fawkes, in her official capacity, publicly declared that the federal statute only applied to the Virgin Islands and was discriminatory; thus, she would not be following the federal statute. The BOE upheld Fawkes' decision. **Exhibit 4** (Sample Ballot).

48. The BOE who has broad statutory duties to investigate and assess irregularities pursuant to Title 18, Section 47 of the VI Code. Fawkes is not empowered to exercise such discretion. Raymond Williams, as the Chair, did not investigate, did not assess, and personally endorsed Fawkes' decision.

49. The first week of June 2026, the BOE affirmed Fawkes' decision to violate the federal statute. Plaintiff requested that they reconsider and

directed his appeal to Raymond Williams. Williams and the BOE have refused to respond.

Wherefore, Plaintiff requests that this Court:

(a) Enter a Declaratory Judgment that the Defendants were and are required to print separate ballots;

(b) Preliminary and permanently enjoin Defendants from using one ballot for Territorial candidates and the candidates for the VI Delegate to the US House of Representatives.

(c) And provide statutory damages as justice so requires.

**Declared under penalty of perjury pursuant to 28 USC § 1746.**

June 29, 2026 ______________________________

JED JOHNHOPE

June 29, 2026 **_s/Terri Griffiths_______________**

Terri Griffiths
POB 11658
St. Thomas, VI 00801
(904) 547-0699
Attorney for PLAINTIFF JED JOHNHOPE
Terri@Griffiths-Law.com